# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| MARCUS GRIGGS, Individually, and on Behalf of the Estate of CORENE GRIGGS, Deceased, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | CASE NO.: 7:23-CV-111 (LAG) |
| LIFE CARE CENTERS OF AMERICA, INC. d/b/a CAMELLIA GARDENS OF LIFE CARE, *et al.*, | : : : : | |
| Defendants. | : : | |

## **ORDER**

Before the Court is the Parties' Consent Protective Order Concerning Confidential Documents (Consent Motion for Protective Order). (Doc. 18).[1] Therein, "Defendants contend that some materials produced in this litigation are confidential materials that need protection from competition and/or public disclosure." (*Id.* at 1). Plaintiffs "contend that some of the decedent's medical records may contain confidential information." (*Id.*). The Parties therefore seek entry of a protective order "[t]o preserve and maintain the confidentiality of documents which have been produced in this litigation, or which may be produced in the future, which documents may constitute or contain trade secrets and/or other confidential or proprietary information" including, but not limited to "confidential research, evaluation, development or commercial information or material, the disclosure of which a party has a good faith factual and legal basis to believe will likely prejudice the right of one or more parties[.]" (*Id.* at 1–3). This information includes, among other things, "[p]ersonal health information protected by the Health Insurance Portability and

---

[1] Although the Parties entitle their filing "Consent Protective Order Concerning Confidential Documents," the filing was docketed as a Consent Motion for Protective Order. (*See* Docket). The Court therefore analyzes the Parties' filing as a Motion.

Accountability Act of 1996 ("HIPAA"); [i]nformation concerning proprietary business and marketing strategy; [p]olicies, procedures and manuals; [r]egulatory compliance and communication; [c]orporate structure documents; [e]ntity organization documents; [f]inancial documents; [m]anagement contracts; . . . [i]nsurance policies; [and] [f]acility floor plans[.]" (*Id.* at 3).

Under Federal Rule of Civil Procedure 26(c), the Court may enter a protective order upon finding good cause. Stipulated protective orders, however, have become "commonplace in the federal courts" to allow the parties "to designate particular documents as confidential… and postpone[] the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001) (per curiam) (first citing Fed. R. Civ. P. 26(c)(7); and then citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (per curiam)). For good cause shown, the Parties' Motion (Doc. 18) is **GRANTED**. Accordingly, the Parties' Proposed Consent Confidentiality and Protective Order (Doc. 18) is hereby **ADOPTED** and made the **ORDER** of the Court.

**SO ORDERED**, this 8th day of July, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**