IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MARCUS GRIGGS, individually, and on behalf of the Estate of CORENE GRIGGS, deceased, | : : : : |
| Plaintiff, | : : |
| v. | : CASE NO.: 7:23-CV-111 (LAG) |
| LIFE CARE CENTERS OF AMERICA, INC. d/b/a CAMELLIA GARDENS OF LIFE CARE, | : : : : |
| Defendant. | : : |

## **ORDER**

Before the Court is Defendant's Motion to Dismiss. (Doc. 6). On August 22, 2023, Plaintiff Marcus Griggs, on behalf of himself and on behalf of the Estate of Corene Griggs, filed an action in the Superior Court of Thomas County, Georgia. (Doc. 1-1). Defendant filed a Notice of Removal on October 10, 2023. (Doc. 1). In the Notice of Removal, Defendant alleges diversity of citizenship as the basis for the Court's subject matter jurisdiction. (*Id.* ¶¶ 5–9). On October 12, 2023, Defendant filed the present Motion to Dismiss. (Doc. 6). On November 2, 2023, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss (Doc. 7), and on November 22, 2023, Defendant filed a Reply in Support of its Motion to Dismiss (Doc. 8). On April 10, 2024, Defendant filed a Motion for Judgment on the Pleadings. (Doc. 15). Plaintiff filed a Response on April 30, 2024 (Doc. 16), and Defendant filed a Reply on May 8, 2024 (Doc. 17). On July 9, 2024, the Court granted the Parties' Consent Protective Order Concerning Confidential Documents (Doc. 18). (Doc. 20). On August 21, 2024, the Court granted the Parties' Consent Motion to Stay Discovery (Doc. 21). (Doc. 22).

Before considering the merits of the Motion to Dismiss, the Court considers the question of jurisdiction. District Courts are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018) (quoting *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004)); *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." (citations omitted)). Here, Defendants have not established that the Court has jurisdiction to hear this case as the amount in controversy requirement for diversity jurisdiction has not been met.

"A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000.00." *City of Vestavia Hills v. Gen. Fid. Ins.*, 676 F.3d 1310, 1313 (11th Cir. 2012); 28 U.S.C. § 1446(b). Because removal jurisdiction implicates "significant federalism concerns," district courts must resolve "all doubts about jurisdiction" "in favor of remand." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted); *see also Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (when the parties dispute jurisdiction, "uncertainties are resolved in favor of remand" (citations omitted)).

A defendant seeking to remove an action to federal court has "the burden of establishing removal jurisdiction." *Id.* (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007)). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001)). If the removing defendant fails to bring forth sufficient evidence to establish that removal is proper, "neither the defendant[] nor the court may speculate in an attempt to make up for the notice's failings" and the case must be remanded. *Lowery*, 483 F.3d at 1214–15; *Williams*, 269 F.3d at 1321.

2

Although Defendant's Notice of Removal alleges facts sufficient to establish complete diversity of citizenship among the parties, neither Plaintiff's Complaint, nor Defendant's Notice of Removal establish that the amount in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs[.]" *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001). In the Complaint, Plaintiff asserts claims for professional negligence, simple negligence, negligence per se, *respondeat superior*, negligent retention and supervision, staffing, and other claims which are derivative of his claims against Defendant Camellia Gardens. (*See* Doc. 1-1). Plaintiff prays "[t]hat judgment be entered against [Defendant] in amount in excess of $10,000.00 for all special damages, pain, and suffering of Corene Griggs[.]" (Doc. 1-1 at 28). The jurisdictional amount is restated in the Notice of Removal. Defendant states "Plaintiff's Complaint states that Plaintiff seeks to recover damages in excess of $10,000.00," but does not state or provide any support for a finding that the amount in controversy exceeds $75,000. (Doc. 1 ¶ 6). Thus, the amount in controversy requirement has not been met and this matter must be remanded to the state court. *See Williams*, 269 F.3d at 1320.

Accordingly, this case is **REMANDED** to the **Superior Court of Thomas County, Georgia.**

**SO ORDERED**, this 27th day of September, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**